**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 19-01229-5-JNC** |
| CAH ACQUISITION COMPANY 12, LLC, d/b/a | ) | |
| FAIRFAX COMMUNITY HOSPITAL, | ) | **Chapter 11** |
| | ) | |
| Debtor. | ) | |
| | ) | |

**TRUSTEE'S FINAL REPORT AND REQUEST FOR FINAL ORDERS APPROVING**
**OF ADMINISTRATIVE EXPENSES AND ENTRY OF FINAL DECREE**
**PURSUANT TO BANKRUPTCY RULE 3022 CLOSING THE CASE**

Thomas W. Waldrep, Jr., the undersigned pre-dismissal Chapter 11 trustee (the "Trustee") for CAH Acquisition Company 12, LLC d/b/a Fairfax Community Hospital (the "Debtor"), hereby makes this Final Report and Request for Final Decree Closing the Case pursuant to Rule 3022 of the Federal Rules of Bankruptcy Procedure and states as follows:

1.      A petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, was filed on March 17, 2019 (the "Petition Date"). The Trustee was appointed on March 18, 2019.

2.      On March 22, 2019, the Fairfax Healthcare Authority filed its emergency motion to dismiss the Debtor's case (the "Motion to Dismiss") [Dkt. No. 22].

3.      On March 28, 2019, the Court held a hearing on the Motion to Dismiss, and on March 29, 2019, the Court entered its Order dismissing the Debtor's case (the "Order Dismissing Case") [Dkt. No. 40]. The Order Dismissing Case directed the Trustee to retain $10,000 from the $17,767 known to be held in the Debtor's U.S. Bank provider accounts and send the sum of such funds to Fairfax Healthcare Authority. The Trustee was also aware of a local bank account at Armstrong Bank in Oklahoma, but the short pendency of the case and pendency of the Motion to Dismiss prevented the Trustee from obtaining access to or control over that account.

4.      Unbeknownst to all parties as well as the Court, on March 25, 2019, the New York City Marshal Stephen W. Biegel garnished a total of $14,674.66 (the "Garnishment") from the Debtor's US Bank accounts on behalf of creditor GTR Source LLC. The Garnishment was the only post-petition debit from either of the Debtor's accounts. Redacted copies of the Debtor's March 2019 US Bank account statements are attached hereto as **Exhibit A**.

5.      On April 1, 2019, the next business day following the entry of the Order Dismissing Case, the Fairfax Healthcare Authority placed the Debtor into a voluntary Chapter 11 Bankruptcy Case in the United States Bankruptcy Court for the Northern District of Oklahoma, Case No. 19-10641 (the "Oklahoma Case").

6.      On April 4, 2019, counsel for the Debtor's affiliates, debtors in jointly-administered bankruptcy cases pending before this Court, lead Case No. 19-00730, filed a motion to, *inter alia*, transfer the venue of the Oklahoma Case to this Bankruptcy Court.

7.      On April 11, 2019, the Court entered its Order transferring the Oklahoma Case to the Eastern District of North Carolina.  On April 12, 2019, the Court entered an amended Order to clarify that such transfer of venue was effective the day the Order was entered, abrogating the 14-day period to appeal such Order.  The Debtor's current case, Case No. 19-01697 (the "Transferred Case"), remains pending before this Court.  Due to the short period of time between the Order Dismissing Case, the filing of the Oklahoma Case, and the Order transferring venue, as well as the Garnishment, the Trustee never sent the any funds to the Fairfax Health Authority.  The final posted balance of the Debtor's US Bank accounts prior to the filing of the Oklahoma Case was $7,139.24.[1]

8.      On April 17, 2019, the Court entered the Order approving the employment of Hendren, Redwine & Malone, PLLC ("Hendren Redwine") as co-counsel for the Trustee during the pendency of the case.  On April 19, 2019, the Court entered the Order approving the employment of Waldrep LLP as co-counsel for the Trustee during the pendency of the case.  On May 2, 2019, the Court entered the Order approving the employment of Grant Thornton LLP ("Grant Thornton") as financial consultant for the Trustee during the pendency of the case.

9.      On May 1, 2019, co-counsel for the Trustee, Waldrep LLP, submitted an initial and final application for compensation seeking $17,921.50 in fees and $118.10 in expenses.  On July 3, 2019, the Court entered an order approving such application in the amount of $17,700.00 for fees and $188.10 for expenses.

10.     Following the entry of the Dismissal Order, the Court approved the following applications for compensation of fees and expenses.  The Trustee has made no disbursements upon the below approved applications:

   a.  On May 30, 2019, the Court entered the Order approving the application for compensation of Hendren Redwine in the amount of $3,995.75 in fees and $49.70 in expenses; and

   b.  On July 3, 2019, the Court entered the Order approving the application for compensation of Waldrep LLP in the amount of $3,998.00 in fees and $0.00 in expenses.

11.     Due to the short period of time between the Petition Date and the Order Dismissing Case, the intervening Oklahoma Case, and the Garnishment, the Trustee was prevented from sequestering or transferring any funds as ordered in the Order Dismissing Case.  As a result, the Trustee never transferred funds from the Debtor's US Bank accounts to another account or payee,

---

[1] Due to the pendency of the Debtor's first bankruptcy case, the funds debited by the Garnishment were held in a U.S. Bank suspense account and refunded to the Debtor's US Bank accounts after the commencement of the Oklahoma Case.

nor did the Trustee make any disbursements from any of the Debtor's accounts. The Trustee's access to and control over the Debtor's US Bank accounts was effectively limited to an information-only basis prior to the Order Dismissing Case. The assets of the Debtor's bankruptcy estate in the Oklahoma Case became the bankruptcy estate property of the Debtor's Transferred Case.

12.     The Trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 1106 during the pendency of the case. The Trustee was able to obtain records for the Debtor's US Bank accounts following the dismissal of the Debtor's first bankruptcy case. On the Petition Date, the total balance in those accounts was $13,941.06. Prior to the Order Dismissing Case, an additional $7,872.84 was deposited into the US Bank accounts by various third-party payors; $14,674.66 was debited from the US Bank accounts through the Garnishment, and the final balance of the U.S. Bank account $7,139.24 was subsumed into the Debtor's estate in the Transferred Case. As a result, no funds shall be distributed on either approved application for compensation entered in this case.

Pursuant to Sections 1106(a)(1) and 704(a)(9) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 5009, the Trustee hereby declares that the foregoing report is true and correct to the best of his knowledge. The Trustee forgoes and waives any request for any compensation to which he may be entitled under Section 326 of the Bankruptcy Code. The Trustee further states that no payments have been made or promised to him for services rendered or to be rendered in any capacity in this case. No agreement or understanding exists between the Trustee and any other person for sharing compensation received or to be received.

**WHEREFORE**, the Trustee respectfully requests the Bankruptcy Administrator to approve this report, and, the estate property subject to administration by the Trustee being fully administered, requests the entry of final orders approving the above administrative expenses on a final basis and entry of a final decree by this Court pursuant to Bankruptcy Rule 3022 closing this case.

Respectfully submitted, this the 15th day of October, 2020.

**WALDREP WALL BABCOCK & BAILEY PLLC**

/s/ *Thomas W. Waldrep, Jr.*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
James C. Lanik (NC Bar No. 30454)
Jennifer B. Lyday (NC Bar No. 39871)
1076 W. Fourth Street
Winston-Salem, NC 27101
Telephone: 336-717-1280
Telefax: 336-717-1340
Email: notice@waldrepwall.com

**- and –**

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC State Bar No. 37012)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: 919-420-7867
Telefax: 919-420-0475
Email: khendren@hendrenmalone.com
            rredwine@hendrenmalone.com

*Attorneys for the Trustee*

**EXHIBIT A**



# Business Statement

Account Number:  3952

Statement Period:
Mar 1, 2019
through
Mar 31, 2019

Page 1 of 2

U.S. bank
P.O. Box 1800
Saint Paul, Minnesota  55101-0800

9238      TRN                      S              Y        ST01



CAH ACQUISITION COMPANY # 12 LLC
FAIRFAX COMMUNITY HOSPITAL
1700 SWIFT AVE STE 200
N KANSAS CITY MO  64116-3834

☎                                    **_To Contact U.S. Bank_**

**Commercial Customer
Service:**                                    1-866-329-7770

**U.S. Bank accepts Relay Calls**

**Internet:**                                    usbank.com

---

## ANALYZED CHECKING                                    _Member FDIC_

U.S. Bank National Association                     Account Number ████-3952

## Account Summary

|                                  | # Items |    |           |
|----------------------------------|---------|----|-----------|
| Beginning Balance on Mar 1       |         | $  | 3,150.33  |
| Other Deposits                   | 41      |    | 7,794.16  |
| Other Withdrawals                | 1       |    | 8,905.79- |
| **Ending Balance on Mar 31, 2019** |       | $  | 2,038.70  |

## Other Deposits

| Date   | Description of Transaction      |                       | Ref Number | Amount   |
|--------|---------------------------------|-----------------------|------------|----------|
| Mar  1 | Electronic Deposit              | From Optum Patient As  |            | $  15.00 |
| Mar  1 | Electronic Deposit              | From Equitable Life a  |            | 89.27    |
| Mar  1 | Wholesale Lockbox Deposit       | Location/Ser#          |            | 95.30    |
| Mar  4 | Wholesale Lockbox Deposit       | Location/Ser#          |            | 366.15   |
| Mar  5 | Electronic Deposit              | From HNB - ECHO        |            | 51.60    |
| Mar  6 | Electronic Deposit              | From HEALTH CARE AUTH  |            | 517.99   |
| Mar  7 | Electronic Deposit              | From HNB - ECHO        |            | 57.55    |
| Mar  7 | Wholesale Lockbox Deposit       | Location/Ser#          |            | 1,492.82 |
| Mar  8 | Wholesale Lockbox Deposit       | Location/Ser#          |            | 219.32   |
| Mar 11 | Electronic Deposit              | From HNB - ECHO        |            | 16.60    |
| Mar 11 | Electronic Deposit              | From Optum Patient As  |            | 50.00    |
| Mar 11 | Electronic Deposit              | From FEP BCBSOK        |            | 241.16   |
| Mar 12 | Electronic Deposit              | From HNB - ECHO        |            | 23.40    |
| Mar 13 | Electronic Deposit              | From HNB - ECHO        |            | 87.55    |
| Mar 13 | Wholesale Lockbox Deposit       | Location/Ser#          |            | 120.60   |
| Mar 13 | Electronic Deposit              | From HEALTH CARE AUTH  |            | 351.14   |
| Mar 14 | Electronic Deposit              | From HNB - ECHO        |            | 9.80     |
| Mar 14 | Electronic Deposit              | From PacifiCare Life   |            | 70.35    |
| Mar 14 | Electronic Deposit              | From UNITEDHEALTHCARE  |            | 129.54   |
| Mar 14 | Wholesale Lockbox Deposit       | Location/Ser#          |            | 495.00   |
| Mar 15 | Electronic Deposit              | From HNB - ECHO        |            | 57.55    |
| Mar 15 | Wholesale Lockbox Deposit       | Location/Ser#          |            | 65.30    |



**BALANCE YOUR ACCOUNT**

To help you in balancing your statement and your account, please examine this statement immediately. We will assume that the balance and transactions shown are correct unless you notify us of an error.

**Outstanding Deposits**

| DATE | AMOUNT |
|------|--------|
|      |        |
|      |        |
|      |        |
| TOTAL | $     |

**Outstanding Withdrawals**

| DATE | AMOUNT |
|------|--------|
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |
| TOTAL | $     |

1. List any deposits that do not appear on your statement in the Outstanding Deposits section at the left. Record the total.

2. Check off in your checkbook register all checks, withdrawals (including Debit Card and ATM) and automatic payments that appear on your statement. Withdrawals that are NOT checked off should be recorded in the Outstanding Withdrawals section at the left. Record the total.

3. Enter the ending balance shown on this statement.   $_____

4. Enter the total deposits recorded in the Outstanding Deposits section.   $_____

5. Total lines 3 and 4.   $_____

6. Enter the total withdrawals recorded in the Outstanding Withdrawals section.   $_____

7. Subtract line 6 from line 5. This is your balance.   $_____

8. Enter in your register and subtract from your register balance any checks, withdrawals or other debits (including fees, if any) that appear on your statement but have not been recorded in your register.

9. Enter in your register and add to your register balance any deposits or other credits (including interest, if any) that appear in your statement but have not been recorded in your register.

10. The balance in your register should be the same as the balance shown in #7. If it does not match, review and check all figures used, and check the addition and subtraction in your register. If necessary, review and balance your statement from the previous month.

**IMPORTANT DISCLOSURES TO OUR CONSUMER CUSTOMERS**

**In Case of Errors or Questions About your Checking, Savings, ATM, Debit Card, ACH, Bill Pay and Other Electronic Transfers**

If you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt, we must hear from you no later than 60 days* after we sent you the FIRST statement on which the error or problem appeared. Telephone us at the number listed on the front of this statement or write to us at U.S. Bank, EP-MN-WS5D, 60 Livingston Ave., St. Paul, MN 55107.

- Tell us your name and account number.
- Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

We will determine whether an error occurred within 10 business days after we hear from you and will correct any error promptly. If we need more time, we may take up to 45 days to investigate your complaint. For errors involving new accounts, point-of-sale, or foreign-initiated transactions, we may take up to 90 days to investigate your complaint. If we decide to do this, we will credit your account within 10 business days for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days, we may not credit your account.

    *Please note: Paper draft and paper check claims must be disputed within 30 days per Your Deposit Account Agreement.

**IMPORTANT DISCLOSURES TO OUR BUSINESS CUSTOMERS**

Errors related to any transaction on a business account will be governed by any agreement between us and/or all applicable rules and regulations governing such transactions, including the rules of the National Automated Clearing House Association (NACHA Rules) as may be amended from time to time. If you think this statement is wrong, please telephone us at the number listed on the front of this statement immediately.

**CONSUMER BILLING RIGHTS SUMMARY REGARDING YOUR RESERVE LINE**

***What To Do If You Think You Find A Mistake on Your Statement***

If you think there is an error on your statement, write to us at:
U.S. Bank, P.O. Box 3528, Oshkosh, WI 54903-3528.
In your letter, give us the following information:
- ***Account information:*** Your name and account number.
- ***Dollar Amount:*** The dollar amount of the suspected error.
- ***Description of problem:*** If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.

You must contact us within 60 days after the error appeared on your statement.

You must notify us of any potential errors *in writing.* You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question. While we investigate whether or not there has been an error, the following are true:

- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

**Reserve Line Balance Computation Method:** To determine your **Balance Subject to Interest Rate,** use the dates and balances provided in the Reserve Line Balance Summary section. The date next to the first Balance Subject to Interest is day one for that balance and is applicable up to (but not including) the date of the next balance (if there is one). We multiply the Balance Subject to Interest by the number of days it is applicable and add them up to get the same number of days in the billing cycle. We then divide the result by the number of billing days in the cycle. This is your **Balance Subject to Interest Rate.** Any unpaid interest charges and unpaid fees are not included in the Balance Subject to Interest. The ***INTEREST CHARGE*** begins from the date of each advance.

**REPORTS TO AND FROM CREDIT BUREAUS FOR RESERVE LINES**

We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

**CONSUMER REPORT DISPUTES**

We may report information about account activity on consumer and small business deposit accounts and consumer reserve lines to Consumer Reporting Agencies (CRA). As a result, this may prevent you from obtaining services at other financial institutions. If you believe we have inaccurately reported to a CRA, you may submit a dispute by calling 844.624.8230 or by writing to: U.S. Bank Attn: Consumer Bureau Dispute Handling (CBDH), P.O. Box 3447, Oshkosh, WI 54903-3447. In order for us to assist you with your dispute, you must provide: your name, address and phone number; the account number; the specific information you are disputing; the explanation of why it is incorrect; and any supporting documentation (e.g., affidavit of identity theft), if applicable.



EQUAL HOUSING
**LENDER**

Member FDIC


**Business Statement**

CAH ACQUISITION COMPANY # 12 LLC
DBA CAH COMPANY # 12
1700 SWIFT AVE STE 200
N KANSAS CITY MO 64116-3834

Account Number:
**3952**



Statement Period:
Mar 1, 2019
through
Mar 31, 2019

Page 2 of 2



## ANALYZED CHECKING                                                   (CONTINUED)

U.S. Bank National Association

Account Number 1          -3952

### Other Deposits (continued)

| Date | Description of Transaction | | Ref Number | Amount |
|------|---------------------------|---|-----------|--------|
| Mar 15 | Electronic Deposit | From HNB - ECHO | | 140.18 |
| Mar 15 | Electronic Deposit | From UMR | | 180.00 |
| Mar 18 | Electronic Deposit | From PAY PLUS | | 23.40 |
| Mar 18 | Wholesale Lockbox Deposit | Location/Ser# | | 50.00 |
| Mar 18 | Electronic Deposit | From HNB - ECHO | | 359.93 |
| Mar 18 | Electronic Deposit | From BCBSOK | | 378.96 |
| Mar 19 | Electronic Deposit | From HNB - ECHO | | 6.93 |
| Mar 20 | Electronic Deposit | From HEALTH CARE AUTH | | 190.55 |
| Mar 21 | Wholesale Lockbox Deposit | Location/Ser# | | 852.05 |
| Mar 22 | Wholesale Lockbox Deposit | Location/Ser# | | 165.30 |
| Mar 25 | Electronic Deposit | From BCBSOK | | 140.63 |
| Mar 25 | Wholesale Lockbox Deposit | Location/Ser# | | 150.30 |
| Mar 27 | Electronic Deposit | From HNB - ECHO | | 16.60 |
| Mar 27 | Electronic Deposit | From HNB - ECHO | | 57.55 |
| Mar 27 | Electronic Deposit | From UnitedHealthcare | | 58.14 |
| Mar 27 | Wholesale Lockbox Deposit | Location/Ser# | | 169.90 |
| Mar 28 | Electronic Deposit | From UHC GOVERNMENT E | | 68.14 |
| Mar 29 | Electronic Deposit | From HNB - ECHO | | 32.01 |
| Mar 29 | Wholesale Lockbox Deposit | Location/Ser# | | 130.60 |
| | | **Total Other Deposits** | **$** | **7,794.16** |

### Other Withdrawals

| Date | Description of Transaction | | Ref Number | Amount |
|------|---------------------------|---|-----------|--------|
| Mar 25 | NY GARNISHMENT GT | R SOURCE LLC | $ | 8,905.79- |
| | | **Total Other Withdrawals** | **$** | **8,905.79-** |

### Balance Summary

| Date | Ending Balance | Date | Ending Balance | Date | Ending Balance |
|------|---------------|------|---------------|------|---------------|
| Mar 1 | 3,349.90 | Mar 12 | 6,386.49 | Mar 21 | 9,955.32 |
| Mar 4 | 3,716.05 | Mar 13 | 6,945.78 | Mar 22 | 10,120.62 |
| Mar 5 | 3,767.65 | Mar 14 | 7,650.47 | Mar 25 | 1,505.76 |
| Mar 6 | 4,285.64 | Mar 15 | 8,093.50 | Mar 27 | 1,807.95 |
| Mar 7 | 5,836.01 | Mar 18 | 8,905.79 | Mar 28 | 1,876.09 |
| Mar 8 | 6,055.33 | Mar 19 | 8,912.72 | Mar 29 | 2,038.70 |
| Mar 11 | 6,363.09 | Mar 20 | 9,103.27 | | |

Balances only appear for days reflecting change.


This page intentionally left blank

**Business Statement**

Account Number:



U.S.bank®

P.O. Box 1800
Saint Paul, Minnesota 55101-0800

4562     TRN          S        Y     ST01

████ 4817

Statement Period:
Mar 1, 2019
through
Mar 31, 2019

Page 1 of 2

CAH ACQUISITION COMPANY 12 LLC
DBA FAIRFAX COMMUNITY HOSPITAL
1700 SWIFT AVE STE 200
N KANSAS CITY MO 64116-3834

☎                                                    *To Contact U.S. Bank*

**Commercial Customer
Service:**                                            1-800-377-3053

**U.S. Bank accepts Relay Calls**

**Internet:**                                              usbank.com

---

## ANALYZED CHECKING                                                          *Member FDIC*

U.S. Bank National Association                                    Account Number ████-4817

## Account Summary

|                                   | # Items |    |          |
| --------------------------------- | ------- | -- | -------- |
| Beginning Balance on Mar 1        |         | $  | 2,061.44 |
| Other Deposits                    | 44      |    | 8,918.45 |
| Other Withdrawals                 | 2       |    | 5,879.35- |
| **Ending Balance on Mar 31, 2019** |        | $ | 5,100.54 |

## Other Deposits

| Date   | Description of Transaction      | Ref Number |    | Amount |
| ------ | ------------------------------- | ---------- | -- | ------ |
| Mar 1  | MERCH █████        PAWNEE   DEPOSIT |         | $ | 5.00   |
| Mar 4  | Image Cash Letter Deposit       | ███        |    | 10.16  |
| Mar 4  | Image Cash Letter Deposit       | ███        |    | 11.70  |
| Mar 4  | Image Cash Letter Deposit       | ███        |    | 23.40  |
| Mar 4  | MERCH █████        PAWNEE   DEPOSIT |         |    | 39.00  |
| Mar 5  | Image Cash Letter Deposit       | ███        |    | 25.00  |
| Mar 5  | Image Cash Letter Deposit       |            |    | 83.30  |
| Mar 5  | MERCH █████        PAWNEE   DEPOSIT |         |    | 100.50 |
| Mar 6  | MERCH █████        PAWNEE   DEPOSIT |         |    | 35.43  |
| Mar 6  | Image Cash Letter Deposit       |            |    | 79.34  |
| Mar 6  | Electronic Deposit              | From HEALTH CARE AUTH |    | 676.47 |
| Mar 6  | Electronic Deposit              | From HEALTH CARE AUTH |    | 771.10 |
| Mar 7  | Electronic Deposit              | From BCBSOK |         | 38.74  |
| Mar 7  | MERCH █████        PAWNEE   DEPOSIT |         |    | 95.00  |
| Mar 7  | Electronic Deposit              | From BCBSOK |         | 112.72 |
| Mar 8  | Image Cash Letter Deposit       |            |    | 40.00  |
| Mar 8  | Image Cash Letter Deposit       |            |    | 117.00 |
| Mar 11 | Image Cash Letter Deposit       |            |    | 10.00  |
| Mar 11 | Image Cash Letter Deposit       |            |    | 78.38  |
| Mar 13 | Electronic Deposit              | From HEALTH CARE AUTH |    | 454.04 |
| Mar 13 | Electronic Deposit              | From HEALTH CARE AUTH |    | 713.96 |
| Mar 14 | Electronic Deposit              | From FEP BCBSOK |    | 11.71  |
| Mar 14 | Electronic Deposit              | From BCBSOK |         | 74.48  |
| Mar 14 | Electronic Deposit              | From BCBSOK |         | 272.66 |
| Mar 15 | Image Cash Letter Deposit       |            |    | 17.51  |
| Mar 18 | Image Cash Letter Deposit       |            |    | 36.00  |
| Mar 19 | Image Cash Letter Deposit       |            |    | 23.40  |



**BALANCE YOUR ACCOUNT**

To keep track of your transactions you should balance your account every month. Please examine this statement immediately. We will assume that the balance and transactions shown are correct unless you notify us of an error.

**Outstanding Deposits**

| DATE | AMOUNT |
|------|--------|
|      |        |
|      |        |
|      |        |
| TOTAL | $ |

**Outstanding Withdrawals**

| DATE | AMOUNT |
|------|--------|
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |
| TOTAL | $ |

1. List any deposits that do not appear on your statement in the Outstanding Deposits section at the left. Record the total.

2. Check off in your checkbook register all checks, withdrawals (including Debit Card and ATM) and automatic payments that appear on your statement. Withdrawals that are NOT checked off should be recorded in the Outstanding Withdrawals section at the left. Record the total.

3. Enter the ending balance shown on this statement. $_____

4. Enter the total deposits recorded in the Outstanding Deposits section. $_____

5. Total lines 3 and 4. $_____

6. Enter the total withdrawals recorded in the Outstanding Withdrawals section. $_____

7. Subtract line 6 from line 5. This is your balance. $_____

8. Enter in your register and subtract from your register balance any checks, withdrawals or other debits (including fees, if any) that appear on your statement but have not been recorded in your register.

9. Enter in your register and add to your register balance any deposits or other credits (including interest, if any) that appear in your statement but have not been recorded in your register.

10. The balance in your register should be the same as the balance shown in #7. If it does not match, review and check all figures used, and check the addition and subtraction in your register. If necessary, review and balance your statement from the previous month.

**IMPORTANT DISCLOSURES TO OUR CONSUMER CUSTOMERS**
**In Case of Errors or Questions About Your Checking, Savings, ATM, Debit Card, ACH, Bill Pay and Other Electronic Transfers**
If you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt, we must hear from you no later than 60 days* after we sent you the FIRST statement on which the error or problem appeared. Telephone us at the number listed on the front of this statement or write to us at U.S. Bank, EP-MN-WS5D, 60 Livingston Ave., St. Paul, MN 55107.
- Tell us your name and account number.
- Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.
We will determine whether an error occurred within 10 business days after we hear from you and will correct any error promptly. If we need more time, we may take up to 45 days to investigate your complaint. For errors involving new accounts, point-of-sale, or foreign-initiated transactions, we may take up to 90 days to investigate your complaint. If we decide to do this, we will credit your account within 10 business days for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days, we may not credit your account.
   *Please note: Paper draft and paper check claims must be disputed within 30 days per Your Deposit Account Agreement.

**IMPORTANT DISCLOSURES TO OUR BUSINESS CUSTOMERS**
Errors related to any transaction on a business account will be governed by any agreement between us and/or all applicable rules and regulations governing such transactions, including the rules of the National Automated Clearing House Association (NACHA Rules) as may be amended from time to time. If you think this statement is wrong, please telephone us at the number listed on the front of this statement immediately.

**CONSUMER BILLING RIGHTS SUMMARY REGARDING YOUR RESERVE LINE**
***What To Do If You Think You Find A Mistake on Your Statement***
If you think there is an error on your statement, write to us at:
U.S. Bank, P.O. Box 3528, Oshkosh, WI 54903-3528.
In your letter, give us the following information:
- ***Account information:*** Your name and account number.
- ***Dollar Amount:*** The dollar amount of the suspected error.
- ***Description of problem:*** If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.
You must contact us within 60 days after the error appeared on your statement.
You must notify us of any potential errors *in writing*. You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question. While we investigate whether or not there has been an error, the following are true:
- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

**Reserve Line Balance Computation Method:** To determine your **Balance Subject to Interest Rate**, use the dates and balances provided in the Reserve Line Balance Summary section. The date next to the first Balance Subject to Interest is day one for that balance and is applicable up to (but not including) the date of the next balance (if there is one). We multiply the Balance Subject to Interest by the number of days it is applicable and add them up to get the same number of days in the billing cycle. We then divide the result by the number of billing days in the cycle. This is your **Balance Subject to Interest Rate**. Any unpaid interest charges and unpaid fees are not included in the Balance Subject to Interest. The ***INTEREST CHARGE*** begins from the date of each advance.

**REPORTS TO AND FROM CREDIT BUREAUS FOR RESERVE LINES**
We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

**CONSUMER REPORT DISPUTES**
We may report information about account activity on consumer and small business deposit accounts and consumer reserve lines to Consumer Reporting Agencies (CRA). As a result, this may prevent you from obtaining services at other financial institutions. If you believe we have inaccurately reported information to a CRA, you may submit a dispute by calling 844.624.8230 or by writing to: U.S. Bank Attn: Consumer Bureau Dispute Handling (CBDH), P.O. Box 3447, Oshkosh, WI 54903-3447. In order for us to assist you with your dispute, you must provide: your name, address and phone number; the account number; the specific information you are disputing; the explanation of why it is incorrect; and any supporting documentation (e.g., affidavit of identity theft), if applicable.



EQUAL HOUSING
**LENDER**

Member FDIC



CAH ACQUISITION COMPANY 12 LLC
DBA FAIRFAX COMMUNITY HOSPITAL
1700 SWIFT AVE STE 200
N KANSAS CITY MO 64116-3834

**Business Statement**

Account Number:
▇▇▇▇-4817

Statement Period:
Mar 1, 2019
through
Mar 31, 2019

Page 2 of 2



---

# ANALYZED CHECKING                                                      (CONTINUED)
U.S. Bank National Association

Account Number  ▇▇▇▇▇▇-4817

## Other Deposits (continued)

| Date | Description of Transaction | | Ref Number | Amount |
|------|---------------------------|---|-----------|-------:|
| Mar 20 | Electronic Deposit | From HEALTH CARE AUTH | | 478.05 |
| Mar 20 | Electronic Deposit | From HEALTH CARE AUTH | | 544.70 |
| Mar 21 | Electronic Deposit | From BCBSOK | | 143.40 |
| Mar 21 | Electronic Deposit | From BCBSOK | | 257.47 |
| Mar 22 | Image Cash Letter Deposit | | | 23.40 |
| Mar 25 | Image Cash Letter Deposit | | | 17.90 |
| Mar 25 | Image Cash Letter Deposit | | | 46.79 |
| Mar 25 | Image Cash Letter Deposit | | | 50.00 |
| Mar 25 | Image Cash Letter Deposit | | | 151.89 |
| Mar 27 | Electronic Deposit | From HEALTH CARE AUTH | | 384.56 |
| Mar 27 | Electronic Deposit | From HEALTH CARE AUTH | | 1,425.91 |
| Mar 28 | Image Cash Letter Deposit | | | 60.23 |
| Mar 28 | Image Cash Letter Deposit | | | 101.27 |
| Mar 28 | Electronic Deposit | From BCBSOK | | 110.12 |
| Mar 28 | Electronic Deposit | From BCBSOK | | 185.04 |
| Mar 29 | Image Cash Letter Deposit | | | 82.81 |
| Mar 29 | Image Cash Letter Deposit | | | 898.91 |

**Total Other Deposits**    $    **8,918.45**

## Other Withdrawals

| Date | Description of Transaction | | Ref Number | Amount |
|------|---------------------------|---|-----------|-------:|
| Mar 14 | Analysis Service Charge | | | $ 110.48- |
| Mar 25 | NY GARNISHMENT GT | R SOURCE LLC | | 5,768.87- |

**Total Other Withdrawals**    $    **5,879.35-**

## Balance Summary

| Date | Ending Balance | Date | Ending Balance | Date | Ending Balance |
|------|---------------:|------|---------------:|------|---------------:|
| Mar 1 | 2,066.44 | Mar 13 | 5,581.68 | Mar 21 | 7,330.58 |
| Mar 4 | 2,150.70 | Mar 14 | 5,830.05 | Mar 22 | 7,353.98 |
| Mar 5 | 2,359.50 | Mar 15 | 5,847.56 | Mar 25 | 1,851.69 |
| Mar 6 | 3,921.84 | Mar 18 | 5,883.56 | Mar 27 | 3,662.16 |
| Mar 7 | 4,168.30 | Mar 19 | 5,906.96 | Mar 28 | 4,118.82 |
| Mar 8 | 4,325.30 | Mar 20 | 6,929.71 | Mar 29 | 5,100.54 |
| Mar 11 | 4,413.68 | | | | |

Balances only appear for days reflecting change.

This page intentionally left blank

FORM 2
CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No. | 19-01229-5-JNC | Trustee Name: | Thomas W. Waldrep, Jr. |
|---|---|---|---|
| Case Name: | CAH Acquisition Company 12, LLC d/b/a Fairfax Community Hospital | Bank Name: | N/A |
| Taxpayer ID #: | 27-1730967 | Checking Acct. #: | N/A |
| For Period Ending: | 10/15/2020 | Blanket bond (per case limit): | $10,000.00 |
| | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Checking Account Balance |
| | | | Due to the brief pendency of this case, the Trustee never obtained or exercised practical control over the funds held by the Debtor in its various deposit accounts.  The Trustee's interaction with and control over the Debtor's deposit accounts was limited to (i) confirmation that such accounts existed by the appropriate financial institutions, (ii) access to daily balance information reporting for the Debtor's US Bank accounts, and (iii) receipt of US Bank statements for the Debtor's US Bank accounts following the dismissal of the Debtor's case. | | | | |

COLUMN TOTALS
    Less: Bank transfers/CDs         $0.00
Subtotal
    Less: Payments to debtors         $0.00
Net         $0.00

**United States Bankruptcy Court**
**Eastern District of North Carolina**

In Re:                                                    Case No. 19-01229-5-JNC

**CAH ACQUISITION COMPANY 12, LLC,**
**d/b/a FAIRFAX COMMUNITY HOSPITAL,**

                                                          **Chapter 11**

         **Debtor(s)**


**Bankruptcy Administrator's Statement of Position**
**Regarding TRUSTEE'S FINAL REPORT AND REQUEST FOR FINAL ORDERS**
**APPROVING OF ADMINISTRATIVE EXPENSES AND ENTRY OF FINAL DECREE**
**PURSUANT TO BANKRUPTCY RULE 3022 CLOSING THE CASE**


         1.      Section 317(b) of Title III of the Judicial Improvements Act of 1990 gives the
Bankruptcy Administrator standing to appear in cases filed under Title II of the United States
Code.  This Bankruptcy Administrator's Statement of Position Regarding **TRUSTEE'S FINAL**
**REPORT AND REQUEST FOR FINAL ORDERS APPROVING OF ADMINISTRATIVE**
**EXPENSES AND ENTRY OF FINAL DECREE PURSUANT TO BANKRUPTCY RULE**
**3022 CLOSING THE CASE** is filed pursuant to that authority.

         2.      I, Marjorie K. Lynch, Bankruptcy Administrator for the Eastern District of North
Carolina, hereby certify that I have reviewed the Trustee's Final Report and Request for Final
Orders Approving of Administrative Expenses and Entry of Final Decree Pursuant to Bankruptcy
Rule 3022 Closing the Case submitted by Thomas W. Waldrep, Jr., the trustee in the above
captioned chapter 11 case, and have found no basis upon which to raise any objection.


Dated:  October 5, 2020


                              /s/Marjorie K. Lynch
                              Marjorie K. Lynch
                              Bankruptcy Administrator